Filed 11/6/15 P. v. Elledge CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KYLE KURTIS ELLEDGE,<br><br>    Defendant and Appellant. | G051695<br><br>(Super. Ct. No. 14CF0372)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert R. Fitzgerald, Judge. (Retired judge of Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Laurel Simmons, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

On February 18, 2015, defendant Kyle Kurtis Elledge pleaded guilty to 10 counts, including one count of violating Penal Code section 487, subdivision (d)(2) (grand theft of a firearm; count 1).[1] He also admitted he had suffered, inter alia, a prior serious felony conviction. (§ 667, subd. (a)(1).)

Defendant offered the following facts for his guilty plea: Around January 22, 2014, he unlawfully took another person's firearm with the intent of permanently depriving the person of the firearm. He unlawfully entered three storage units. He unlawfully and willfully obtained personal identifying information of another person, used it for an unlawful purpose, falsely and unlawfully personated that person, and did an act that would make him liable to suit. He possessed a firearm despite having been previously convicted of a felony. He unlawfully and falsely made and passed a contract for money. He unlawfully entered a Wells Fargo Bank branch with the intent to commit larceny and possessed burglary tools.

In the "Proposed disposition" section of the plea form, defendant initialed his agreement and understanding that the court would sentence him to prison for eight years with total custody credit of 788 days.

The court sentenced defendant to a total prison term of eight years, and gave him credit for a total of 788 days.

Defendant appealed the judgment, and we appointed counsel to represent him. Counsel did not argue against defendant, but advised he was unable to find an issue to argue on defendant's behalf. Defendant was given an opportunity to file written argument on his own behalf, but he did not do so.

---

[1] All statutory references are to the Penal Code.

We have examined the entire record but have not found an arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) Accordingly, we affirm the judgment.


IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.